```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
United States,
                                            05 CR 254 (KMW)

          -v-                               ORDER

Kevin O. Kelley,

          Defendant.
--------------------------------------x
```

WOOD, U.S.D.J.:

Defendant moves 1) to strike from the indictment the citation to 18 U.S.C. §2 (the aiding and abetting statute); 2) to strike from Count One the allegation that Defendant invested his clients' funds in Coyote stock both with and without their authorization; 3) to strike from Counts Three and Five the allegations that Acorn Research and Management ("Acorn"), a company operated by defendant, was not registered as an investment adviser with the SEC, that defendant directed clients to write checks to Acorn in order to hide the investments from Royal Alliance, defendant's employer, and that defendant mislead investors as to the value of their investments in FVL and in E-Tel; and 4) for a Bill of Particulars. For the reasons that follow, defendant's motions are denied.

The Court addresses each of defendant's requests in turn: 1) Defendant moves to strike the references to 18 U.S.C. § 2. "Under 18 U.S.C. § 2(b) a person who causes an innocent party to

commit an act which, if done with the requisite intent, would constitute an offense may be found guilty as a principal even though he personally did not commit the criminal act." United States v. Gleason, 616 F.2d 2, 20 (2d Cir. 1979). The government is not required to specifically plead aiding and abetting liability in the indictment. See United States v. Taylor, 464 F.2d 240, 242 (2d Cir. 1972). Here, the government represents that it has so plead in order to put defendant on notice that the government's theory of the case includes the defendant's having directed others to take certain actions to mislead investors.

The Court sees no reason to strike the statutory reference. The indictment alleges various actions that, if undertaken by someone on behalf of the defendant, would support conviction under 18 U.S.C. § 2. If, at trial, the government fails to offer proof in support of an aiding and abetting theory, defendant may renew his objection that as a matter of law he cannot be convicted under 18 U.S.C. § 2, and the Court will instruct the jury accordingly. See Taylor, 464 F.2d at 242.

2) Defendant argues that the language in Count One is inaccurate and inconsistent, apparently because the indictment alleges both that defendant solicited investors and invested their funds with their consent, and that he invested their funds without their consent. The government argues that defendant received

2

investors' authorization for some investments and not for others. The Court has considered the challenged language, and in light of the government's theory of the case finds that it is neither internally inconsistent nor prejudicial. See United States v. Mulder, 273 F.3d 91, 99-100 (2d Cir. 2001). To the extent that defendant is arguing that the facts in the indictment are not supported by the evidence, such argument is better reserved for (and may be renewed at) trial.

3) Defendant objects to several allegations in Count Three. First, he argues that two allegations in Count Three should be struck as irrelevant and prejudicial. He objects to the allegation that Acorn offered "investment advisory services" although it "was not registered as an investment adviser with the SEC." He also objects to allegations that defendant directed clients to make investments by writing checks to Acorn rather than to his employer, Royal Alliance.

In order to succeed on a motion to strike these allegations, defendant must show that the challenged language is 1) irrelevant, 2) prejudicial, and 3) inflammatory. See United States v. Hernandez, 85 F.3d 1023, 1030 (2d Cir. 1996). Defendant cannot meet this burden. If, as the government argues, the defendant did not register Acorn with the SEC so as to avoid detection of his fraud, and if, as the government argues, the

defendant directed investors to write checks to Acorn so as to avoid detection of his activities by his employer, then these facts are relevant to the defendant's state of mind.  The allegations are relevant to establishing defendant's intent and thus relevant to the crime charged.  Moreover, the defendant has failed to show that the allegations are prejudicial or inflammatory.  To the extent that the defendant is arguing that the allegations are unsupported by the evidence, such argument, again, is better renewed (if appropriate) at trial.

Defendant also argues that allegations in Count Three that he mislead investors as to the value of their investments should be stricken, because such statements are not themselves actionable under the criminal law.  However, the government argues that the false statements to investors were an attempt by defendant to prevent detection of his earlier crime and as such are relevant to intent.  The Court agrees that as such the statements to investors are relevant and the motion to strike the allegations is denied.  For the same reason, the motion to strike similar language in Count Five is also denied.

4) Finally, the Court considers defendant's request for a Bill of Particulars with respect to Counts One and Three.  Defendant has failed to demonstrate that the allegations in the indictment are so general that they fail to provide adequate notice of what

specific acts he stands accused. See United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990). The government has, in its motion papers, listed the various documents that it has provided to the defendant. See Government's Memorandum of Law in Opposition to Defendant Kevin O. Kelley's Second Set of Pre-Trial Motions at 26-29. The Court is persuaded that the defendant has adequate notice of the particulars of the specific criminal acts with which he is charged. The motion for a bill of particulars is therefore denied.

For the reasons stated above, defendants motions to strike and for a bill of particulars are hereby denied.

SO ORDERED.

Dated:   New York, New York
         March 6, 2006

                                    _____
                                    Kimba M. Wood
                                    United States District Judge

5