UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
United States,

                                   05 CR 254 (KMW)

    -v-                                ORDER

Kevin O. Kelley,

      Defendant.
--------------------------------------x

WOOD, U.S.D.J.:

    The Court has conducted a hearing into the question of whether the defendant, Kevin Kelley, is mentally competent to stand trial, pursuant to 18 U.S.C. § 4241. The Court has considered the testimony of the defense expert, Dr. Marc Janoson and the government expert, Dr. Lawrence Siegel, the medical records admitted into evidence, and the Court's own observations of the defendant, Kevin Kelley, throughout the course of this proceeding and the numerous other proceedings before the Court in connection with this case. Based on this record, the Court concludes that Mr. Kelley is mentally competent to stand trial.

    "The Supreme Court has set forth a two-prong test for determining competency to stand trial." <u>United States v. Nichols</u>, 56 F.3d 403, 410 (2d Cir. 1995). The defendant must have (1) "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and (2) "a rational as well as factual understanding of the proceedings

1

against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam); United States v. Hemsi, 901 F.2d 293, 295 (2d Cir. 1990). The Court determines competency based on a preponderance of the evidence. 18 U.S.C. § 4241(d).

"The federal statute providing for competency hearings does not allocate the burden of proof, and neither the Supreme Court nor this court has decided as a matter of statutory construction whether the government or defendant bears the burden." Nichols, 56 F.3d at 410. However, "[t]he allocation of the burden of proof to the defendant will affect competency determinations only in a narrow class of cases where the evidence is in equipoise; that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent." Medina v. California, 505 U.S. 437, 449 (1992). Where the evidence is not in equipoise, the Circuit has opined that it is the better course for a district court to decline to attempt to resolve the issue of allocation of burden. Nichols, 56 F.3d at 411. Because the Court is satisfied that a preponderance of the evidence supports a finding that the defendant is competent to stand trial, the Court declines to reach, as unnecessary, the issue of burden allocation.

First, the Court is persuaded by its own observations that Mr. Kelley is competent to stand trial. See Nichols, 56 F.3d at 411 (holding that district court can properly rely on its own

2

observations of defendant in determining competency); United States v. Hemsi, 901 F.2d 293, 295 (2d Cir. 1995) (same). Throughout this and other proceedings, the defendant has taken notes, consulted with his attorney, articulately addressed the Court, reacted appropriately to testimony, and otherwise assisted in and participated in his own defense. It is clear that he is rational, understands the proceedings against him and their consequences, and is actively engaged in his own defense. 18 U.S.C. § 4241 (a).

The Court's own observations are further bolstered by the testimony of Dr. Siegal. The Court found him entirely credible; his analysis was thorough, careful, and compelling. Where the testimony of Dr. Siegal was contradicted by that of Dr. Janoson, the Court credits the testimony of Dr. Siegal, which was better informed and more convincing.[1]

The Court rejects defendant's challenge to the admissibility under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), of certain testimony by Dr. Siegal. Defendant's argument

---

[1] For this reason, the Court declines to credit Dr. Janoson's reinterpretation of Dr. Seigal's data on the VIP test as discussed in his May 9, 2006 affidavit. Similarly, the Court declines to credit his reinterpretation of the raw data underlying defendant's exam by Dr. Jeffrey S. Cohen. In any event, the Court gives little weight to the data from the examination by Dr. Cohen because it is less recent, Dr. Cohen did not appear to testify, and defendant certainly had a financial incentive to malinger at the time of his examination by Dr. Cohen.

3

that certain psychometric tests Dr. Siegal administered are inappropriate is unpersuasive. The tests administered by Dr. Siegal were ably administered and provided useful information. The Court disagrees with defendant's assertion that there is an "analytical gap between the data and the opinion proffered." General Elextric Co. V. Joiner, 522 U.S. 136, 146 (1997). On the contrary, the testimony by Dr. Siegel in regard to the challenged psychological tests demonstrated "a sufficiently rigorous analytical connection between that methodology and the expert's conclusions." Nimely v. City of New York, 414 F.3d 381, 396 (2d Cir. 2005).

In any event, even if the Court were to set aside the challenged psychological tests, the Court would still be persuaded that the defendant is competent to stand trial. The primary disabilities cited by the defendant's expert for why the defendant should not stand trial are (1) a failure to be properly oriented to time and (2) an inability to recall certain key events over the past 10 years or so of his life. Dr. Janoson testified that, on the third day of April, 2006, the defendant indicated that he thought it was March. Even if the Court credits defendant as accurately reporting his belief, such a mild disorientation (if it can even be called that) would not suffice to prevent defendant from standing trial.

The Court simply does not credit Dr. Janoson's testimony as to the extent of the defendant's memory impairment.  The Court is persuaded that any difficulty the defendant has with his memory is sufficiently mild that it would not interfere with his ability to meaningfully participate in his defense, including his ability to testify and to challenge prosecution witnesses.  The Court finds that defendant is capable of recalling the vast majority of the details of the time period in the indictment.

The Court notes additionally that even were defendant suffering the extensive amnesia he claims, such an impairment may still not suffice to render him unable to stand trial.  <u>See</u> <u>United States v. Villegas</u>, 899 F.2d 1324, 1341-43 (2d Cir. 1990) (holding that even if defendant suffered amnesia he was still competent to stand trial).  The Court observes that defendant is obviously a bright man, of above average intelligence, with a quick wit.  Such attributes would assist him substantially in overcoming any disability, and would assist him in actively participating in his defense.

In addition to Dr. Siegal's testimony, the defendant's own medical records lead the Court to conclude that he is likely malingering, or at the very least overstating his own physical and mental impairments.  His medical records simply do not support the diagnoses that he has self-reported to various physicians over time and to this Court.  Contrary to what the

defendant has stated at various times, there is no indication that he has had cancer, or multiple strokes. Such unsubstantiated accounts by defendant of his medical difficulties further support the Court's view that the defendant's own reports of memory difficulties are likely to be, if not wholly false, at least dramatically overstated.

Defendant objected to testimony by Dr. Siegal regarding inconsistencies between defendant's documented medical problems and those he self-reported. Defendant argued that such testimony was an unfair surprise, because Dr. Siegal's opinion on this point was not stated in his letter to the Court or his affidavit. First, any testimony should not have been a surprise, as the inconsistencies were in the record for all to see. Second, the Court did not need to, and did not, rely on the testimony of Dr. Siegal on this point, because it had already noticed the inconsistencies in the course of its own independent analysis of the medical records it had received, and its own recollection of statements the defendant previously made to the Court.

For the foregoing reasons the Court finds that the defendant is mentally competent to stand trial.

SO ORDERED.

Dated:   New York, New York
         May 11, 2006

                              _____
                              Kimba M. Wood
                              United States District Judge